PACIFIC TRADING CO. *v.* UNITED STATES

**No. 4649.**—Invoice dated Osaka, Japan, November 16, 1934.
Certified November 21, 1934.
Entered at San Francisco, Calif., December 9, 1934.
Entry No. 5589.

(Decided October 4, 1939)

*Lawrence & Tuttle* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

McCLELLAND, Presiding Judge: This appeal to reappraisement has been submitted for decision upon stipulation of counsel for the parties hereto.

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the court, that the market value or price at the time of exportation of the merchandise involved herein, at which

such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, is as follows:

4 pair each, rubber soled cotton Japanese tabi shoes of sizes #3, #4, #5, #6, #7, and #8, are the invoiced unit prices, packed.

It is further stipulated and agreed that the appeal as to all other merchandise not included *supra* and contained on the invoice is abandoned.

It is further stipulated and agreed that there was no higher foreign value for the merchandise *supra* at the time of exportation and that the appraisement on the basis of American selling price of the aforesaid merchandise under the Presidential proclamation in T. D. 46158 was not applicable to said merchandise, based upon the decisions in Reap. Dec. 4444 and Reap. Dec. 4570.

It is further stipulated that this case may be submitted on the foregoing stipulation.

In harmony with the stipulation, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are as stated above. Judgment will be rendered accordingly.